95
AO 472 (Rev. 3/86) Order of Detention Pending Trial
==================================================================================

# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Mag. No. 05-55-B** |
| ) | |
| **ROBERT GIVEN,** ) | |
|     **Defendant** ) | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C., Section 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[ ]   (1)   The defendant is charged with an offense described in 18 U.S.C. Section 3142(f)(1) and has been convicted of a (federal offense)(state of local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ] a crime of violence as defined in 18 U.S.C. Section 3156(a)(4).
        [ ] an offense for which the maximum sentence is life imprisonment or death.
        [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
        [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. Section 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ]   (2)   The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

[ ]   (3)   A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

[ ]   (4)   Findings Nos. (1)(2) and (3) establish a rebuttable presumption that no condition or combination or combinations of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternate Findings (A)**

[X]    (1)    There is probable cause to believe that the defendant has committed an offense
         [X]    for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
         [ ]    under 18 U.S.C. Section 924(c).

[ ]    (2)    The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternate Findings (B)**

[X]    (1)    There is a serious risk that the defendant will not appear.
[X]    (2)    There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

The defendant is charged by complaint with possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The complaint also alleges that the penalty provisions of 21 U.S.C. § 841(b)(1)(B) apply. The defendant is thus exposed to a mandatory minimum term of imprisonment of 5 years and a maximum term of 40 years. The government has invoked the presumption contained in 18 U.S.C. § 3142(e). The defendant originally waived his right to a detention hearing and consented to detention. Docket No. 19. Recently he moved to reopen the detention hearing and has sought to be released on bail. Docket No. 23. The government contended at the reopened hearing that the defendant has not met the conditions for a reopening, *see* 18 U.S.C. § 3142(f)(2), and, in any event, insisted that the defendant remain in detention both as a risk of flight and a danger to the community. I indicated that I would assume *arguendo* that the defendant has made the requisite showing entitling him to a reopening and proceeded to the merits.

The defendant has waived his right to a preliminary examination, thus conceding the existence of probable cause to believe that he has committed the offense charged. As a result, 18 U.S.C. § 3142(c) provides that, "[s]ubject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community."

At the detention hearing, the defendant presented the testimony of his father, Robert C. Given, who expressed a willingness to serve as a third-party custodian and to have the defendant live with him and his wife, the defendant's mother, in their mobile home in Monmouth, Maine. Mr. Given is retired and is available to supervise the defendant's compliance with conditions of release. Mr. Given testified that he and his wife are willing to post the equity in their home, which he stated totaled approximately $100,000, to secure the defendant's appearance as required.

The defendant has rebutted the presumption contained in 18 U.S.C. § 3142(e) as it relates both to risk of flight and danger to the safety of the community. The effect of the rebuttal is to relieve the defendant of the burden of production. *United States v. Jessup*, 757 F.2d 378, 386 (1st

Cir. 1985). Despite the rebuttal, I am nevertheless required to keep in mind the fact that Congress has found that "flight to avoid prosecution is particularly high among persons charged with major drug offenses." S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983); *Jessup* at 384. The legislative history also reveals that, in establishing the statutory presumption that "no condition or combination of conditions will reasonably assure . . . the safety of the community . . .," 18 U.S.C. § 3142(e), Congress specifically had in mind defendants alleged to be involved in drug trafficking: "The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" S. Rep., *supra* at 13. The statutory presumption was created partly because of concern for a high degree of pretrial recidivism. *Id*. at 20. *Jessup* teaches that the presumption not only imposes a burden on the defendant to come forward with evidence to rebut this danger, but also requires the court in assessing any such evidence to pay heed to the congressional concerns.

The defendant, age 29, was born in Lewiston, Maine. As noted, his parents reside in Monmouth, Maine. He has one sibling with whom he has no contact. The defendant resided with his parents in their home during the period December 2004 through January 2005 and has been homeless since then. He is unemployed, having last worked at Bath Iron Works as a welder. He left BIW in October 2004 as a result of a work-related back injury.

The defendant has a serious substance abuse problem. He admits to using crack cocaine, cocaine powder, marijuana, heroin and alcohol. According to his father, the defendant spent most of the $150,000 he received in a settlement relating to his back injury on illegal narcotics.

The defendant also has a troubling criminal history, especially when viewed in the context of his substance abuse. He has convictions for refusing to submit to arrest, terrorizing, disorderly conduct, operating under the influence, operating after being designated an habitual offender, unlawful possession of scheduled drugs, and failing to provide his correct name, address and date of birth. He also has failed to appear in the Maine Superior Court and District Court as required.

The defendant is scheduled to appear in this court on November 21, 2005 to tender a plea of guilty to the offense charged.

I have serious reservations about the defendant's motives in seeking to be released at this time when he is scheduled to enter a change of plea in 13 days in circumstances where, given the nature of the charge, it is all but inevitable that the court will order him detained pending sentence. The defendant's suggestion that he wishes to use this time to engage in substance abuse treatment is suspect and, even if sincerely motivated, unrealistic inasmuch as only an intensive, long-term residential treatment program would be appropriate for consideration given the nature and extent of the defendant's drug addiction problem. Not only does 13 days fall well short of providing the time necessary for the defendant's participation in such a program, but there has been no suggestion that any such arrangement could be made in any event or that the defendant or his family could or would pay the very substantial costs associated with such a program. Moreover, inasmuch as all such programs of which I am aware are conducted in insecure facilities where participants are always able to leave at will, a residential treatment program would not adequately address the risk-of-flight issue. The defendant, after all, is facing a mandatory five year minimum sentence. The defendant's father also testified that the defendant's fiancée, Jennifer Tilton, resides

in the parents' home at present and would continue to do so if the defendant were released on conditions requiring him to maintain his residence there, as is being proposed. According to the pretrial services report and Mr. Given's testimony, Ms. Tilton also has a serious history of substance abuse, for which (to her credit) she is presently receiving treatment. But given the nature of the relationship between the defendant and Ms. Tilton, including their shared history of substance abuse, living at this time under the same roof would not be an acceptable arrangement. Finally, I am not convinced that Mr. Given is in a position as third-party custodian to assure that the defendant will not continue to access and use controlled substances. Although I do not question Mr. Given's good intentions, the reality is that he has not been at all aware of the extent of the defendant's substance abuse or of the extent of his criminal history. And, as the pretrial services report notes, he has repeatedly minimized the abuse history.

Taking into consideration the congressional concerns that underlie the statutory presumption, including drug trafficking recidivism, as well as all of the available information concerning the factors listed in 18 U.S.C. § 3142(g), I find by a fair preponderance of the evidence that the defendant poses a serious flight risk and that there are no available conditions of release that will reasonably assure his appearance as required. I also find, by clear and convincing evidence, that the defendant poses a danger to the safety of the community and that there are no conditions that will reasonably assure community safety  I therefore **ORDER** that the defendant be detained pending trial.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extend possible, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: November 8, 2005

>                    /s/ David M. Cohen
>                    David M. Cohen
>                    U.S. Magistrate Judge